UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 07-358 |
| BYRON SEYMORE, ET AL. | * | SECTION "L" |

**ORDER AND REASONS**

Before the Court is Defendant Byron Seymore's *pro se* motion for early termination of supervised release. R. Doc. 132-1. The Government has responded in opposition. R. Doc. 135. Having considered the briefing and the applicable law, the Court now rules as follows.

I.  BACKGROUND

On January 16, 2008, Defendant Byron Seymore pleaded guilty to two counts of an Indictment charging him with conspiracy to distribute and possess 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and 18 U.S.C. § 2. R. Doc. 1; R. Doc. 37. On May 21, 2008, the Court sentenced Mr. Seymore to 240 months in the custody of the United States Bureau of Prisons. R. Doc. 76 at 2. This sentence was composed of 240 months as to each count, to be served concurrently. *Id.* Mr. Seymore's sentence also included a ten-year term of supervised release. *Id.* at 3.

On March 27, 2019, the Court reduced Mr. Seymore's sentence from 240 months to 120 months pursuant to § 404 of the First Step Act of 2018. R. Doc 116 at 1. The Court also reduced Mr. Seymore's term of supervised release from ten years to eight years. *Id.* Because Mr. Seymore had already served 120 months at the time his sentence was reduced, he was released shortly thereafter on April 5, 2019.

II.  PRESENT MOTION

1

The Court has received a letter from Mr. Seymore requesting "early release from probation," which the Court construed as a *pro se* motion seeking early termination of Mr. Seymore's term of supervised release. R. Doc. 132-1. Mr. Seymore notes that he has already served over four years of his eight-year term of supervised release. Mr. Seymore states that, since his release, he has not gotten into any trouble, has gotten married, and has started a lawn care business. Mr. Seymore explains that he seeks early termination because he wishes to travel with his wife and family.

### III.   APPLICABLE LAW

A district court may terminate a term of supervised release at any time after one year of the term has been served if, after considering factors listed in 18 U.S.C. § 3553(a)[1], "it is satisfied that such an action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). District courts enjoy broad discretion in determining whether to terminate supervised release, but "[c]ourts have generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination . . . ." *United States v. Smith*, Criminal No. 10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014). Rather, "early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *Id.*; *see also United States v. Hayes*, Criminal Action No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (denying early termination because defendant "is merely abiding by the terms of his supervised release, which is the expectation for all defendants"); *United States v. Jones*, Criminal Action No. V-11-21, 2013

---

[1] These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need to deter criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; the kinds of sentences and sentencing range established; pertinent policy statements by the Sentencing Commission; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to any victims of the offense.

WL 2417927, at *1 (S.D. Tex. June 4, 2013) ("[g]enerally, compliance with the terms of supervised release and with the law alone is not enough to warrant early termination; such conduct is expected and required.").

### IV. DISCUSSION

In light of the relevant factors listed in 18 U.S.C. § 3553(a), the Court declines to order early termination of Mr. Seymore's supervised release. Mr. Seymore has only served approximately four years of his eight-year term of supervised release—that is, only about half of his term. Thus, granting early termination would be a significant reduction of Mr. Seymore's term of supervised release—after it was already reduced by two years due to the First Step Act. Further, Mr. Seymore has not alleged any special circumstances that would justify early termination. Rather, he is "merely abiding by the terms of his supervised release" by forgoing criminal activity and working on his business. *Jones*, 2013 WL 2417927, at *1. While Mr. Seymore's activities are laudable, they do not constitute extenuating circumstances to warrant early termination of his supervised release. *See, e.g.*, *United States v. Hayes*, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013) (denying early termination of a former inmate's supervised release when he was incarcerated for conspiracy to distribute cocaine but complied with the terms of supervised release by starting a business, continuing a successful marriage, and avoiding criminal activity). Accordingly, Mr. Seymore's motion is denied.

### V. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Mr. Seymore's motion for early termination of supervised release, R. Doc. 132-1, is **DENIED**.

New Orleans, Louisiana, this 13th day of June, 2023.

                                                                                    */s/ Eldon E. Fallon*
                                                                      UNITED STATES DISTRICT JUDGE